UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES SCOTT,

    Plaintiff,

    v.

LaPORTE COUNTY COMMUNITY
CORRECTIONS, COLLINS, and
ROBERT NEARY,

    Defendants.

CAUSE NO. 3:20-CV-54-JD-MGG

## OPINION AND ORDER

Charles Scott, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis using forms designed for non-prisoners. However, because he is confined in the LaPorte County Community Corrections facility as a convicted felon, he is a prisoner. *See State v. Scott*, 46D01-1904-F3-000468 (LaPorte Superior filed April 12, 2019). A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges Officer Collins strip searched him at the LaPorte County Community Corrections Center on January 6, 2020. He alleges Robert Neary ordered

the search even though he was not under investigation nor individually suspected of having contraband.

> [W]hile a prisoner's expectation of privacy is extremely limited in light of the overriding need to maintain institutional order and security, the Supreme Court has recognized that a prisoner retains a remedy for calculated harassment unrelated to prison needs. The Eighth Amendment's prohibition against cruel and unusual punishment stands as a protection from bodily searches which are maliciously motivated, unrelated to institutional security, and hence totally without penological justification.

*Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987) (citations and quotation marks omitted).

Here, Scott has not plausibly alleged the strip search was totally without penological justification. Individualized suspicion is not the only legitimate justification for a strip search. Both systematic and random searches can be legitimate. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 327 (2012). Though malicious searches motivated by a desire to harass and humiliate violate the Eighth Amendment, *see King v. McCarty* , 781 F.3d 889, 897 (7th Cir. 2015), this complaint does not contain such an allegation and therefore does not state a claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim. Nevertheless, Scott may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To do so he must fully describe the strip search and explain why he believes it violates the Eighth Amendment. He must also explain how each defendant was involved in the violation.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Prisoner Complaint (INND Rev. 8/16)** form and send it to Charles Scott;

(2) GRANTS Charles Scott until **February 19, 2020**, to file an amended complaint; and

(3) CAUTIONS Charles Scott if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED on January 16, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3